**In re PANTELIS MELACHRINOUDIS a/k/a Pete Melachrinoudis t/a the New Continental Restaurant, Debtor.**

**Bankruptcy No. 85–03389G.**

United States Bankruptcy Court, E.D. Pennsylvania.

Aug. 15, 1986.

Joseph Rappaport, Philadelphia, Pa., for the debtor, Pantelis Melachrinoudis.

Robert Lapowsky, Rubin, Quinn & Moss, Philadelphia, Pa., for the movants, Tartan Foods, Cedar Farms Co., Inc. and Nicholas Kaminis.

James J. O'Connell, Philadelphia, Pa., standing chapter 13 trustee.

## OPINION

EMIL F. GOLDHABER, Chief Judge:

In this case in which a chapter 13 debtor is an individual engaged in business, the paramount question posed is whether we should grant a creditors' motion which requests, in the alternative, dismissal of the case or conversion to chapter 11, on the basis that the debtor's operation of his business is unreasonably prejudicial to the creditors due to a lack of adequate supervision. For the reasons set forth below, we conclude that the motion should be denied.

The facts of this dispute are as follows:[1] The debtor and his wife own and operate a small restaurant with gross sales of approximately $120,000.00 per year. Net profit per year is approximately $10,000.00. As listed on the chapter 13 summary sheet, the debtor's general, unsecured claims total $59,000.00 and priority debts equal $18,-000.00. Under the proposed chapter 13 plan, the debtor has scheduled 100% payment on the priority debts and 10% satisfaction of the general unsecured claims through monthly payments of $500.00 to the trustee for four years. The value of the debtor's business has not been stated in the debtor's schedules. Evidence indicated it *may* be worth as much as $200,000.00. The debtor is making timely periodic payments to the trustee and the confirmation hearing is currently slated for a date two months hence.

Tartan Foods, Cedar Farms Co., Inc. and Nicholas Kaminis, three unsecured creditors, filed the instant motion. The two bases of the motion are that the proposed plan violates 11 U.S.C. § 1325(a)(4)[2] of the Bankruptcy Code ("the Code") and that while creditors control over chapter 13 business debtors is usually weak, the problem is particularly acute in the present situation.

Dismissal or conversion from chapter 13 is governed by 11 U.S.C. § 1307[3] of the Code which authorizes such relief for "cause" when sought by a creditor.

■ While it is true that if the debtor's business is worth $200,000.00, as is assert-

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

2. § 1325. Confirmation of plan
   (a) Except as provided in subsection (b), the court shall confirm a plan if—
   \* \* \* \* \* \*
   (4) the value, as of the effective date of the plan, of property to be distributed under the plan on account of which allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on said date.
   \* \* \* \* \* \*
   11 U.S.C. § 1325(a)(4).

3. (c) Except as provided in subsection (e) of this section, on request of a party in interest and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including—
   (1) unreasonable delay by the debtor that is prejudicial to creditors;
   (2) nonpayment of any fees and charges required under chapter 123 of title 28;
   (3) failure to file a plan timely under section 1321 of this title;
   (4) failure to commence making timely payments under section 1325 of this title;
   (5) denial of confirmation of a plan under section 1325 of this title and denial of a request made for additional time for filing another plan or a modification of a plan;
   (6) material default by the debtor with respect to a term of a confirmed plan;
   (7) revocation of the order of confirmation under section 1330 of this title, and denial of confirmation of a modified plan under section 1329 of this title; or
   (8) termination of a confirmed plan by reason of the occurrence of a condition specified in the plan other than completion of payments under the plan.
   11 U.S.C. § 1307(c).

ed by the movants, it appears that the plan will not be confirmable as it now stands since the chapter 13 creditors will not receive as much as they would if the case were converted to chapter 7. 11 U.S.C. § 1325(a)(4). Although there was some meager evidence supporting the $200,-000.00 figure, we find that it was of insufficient weight to justify dismissal or conversion of the case at this juncture. The movants may again raise this issue at the confirmation hearing.

■ The regnant question at issue is whether the creditors' allegedly weak control over the debtor and his estate are sufficient justification for conversion or dismissal of this chapter 13 business case. The fact that this question has arisen, is due, in part, to the fact that the passage of the Code in 1978 represented a significant departure from the chapter XIII provisions of the Bankruptcy Act of 1898 ("the 1898 Act"). Under the 1898 Act a debtor was eligible for relief under chapter XIII only if he was "a wage earner." § 606(3) of the 1898 Act, former 11 U.S.C. § 1006(3) (1976). Under the Code, eligibility was expanded to include "individual[s] with regular income" whose debts are within the prescribed limits. 11 U.S.C. § 109(e). The legislative history of the Code explains the purpose of the change:

### A. ELIGIBILITY

Under current law, only a "wage earner," that is, "an individual whose principal income is derived from wages, salary, or commissions," may file a chapter XIII case. This limitation unnecessarily excludes small businessmen from the cheap and expeditious remedy of a wage earner plan. This distinction between a barber, grocer, or worm digger who is self-employed from one who is an employee is slight. H.R. 8200 eliminated the distinction, in order to afford small sole proprietors as well as wage earners an alternative to chapter 11.

Under the proposed chapter 13, any individual with income that is sufficiently stable and regular to enable him to make payments under a plan, with unsecured debts of less than $100,000.00, and secured debts of less than $500,000.00, is eligible to be a chapter 13 debtor. The bill also enables joint cases and joint plans for husbands and wives.

The present limitation in chapter XIII that permits only wage earners to use chapter XIII is eliminated. Many self-employed individuals, from the house painter and Maine worm-digger, to the barber or independent carpenter, will be permitted to use chapter 13. Even individuals whose primary income is from investments, pensions, social security, or welfare may use chapter 13 if their income is sufficiently stable and regular. This expansion of eligibility will enable many to work out arrangements with their creditors rather than seeking straight bankruptcy liquidation. Under current law, they are constrained to use chapter XI, Arrangements, which is too cumbersome a procedure for the small, self-employed businessman. To avoid the complexity, many simply liquidate their assets in straight bankruptcy.

H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 118–19 (1977), *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 6079–80 (footnotes omitted). Although hopefully in most cases the business of a worm digger is significantly different from that of a restauranteur, within the meaning of § 109 of the Code and the quoted legislative history, a debtor engaging in either activity is entitled to file under chapter 13. By allowing a sole proprietor to file under chapter 13, Congress implicitly granted such a debtor some reasonable degree of latitude in conducting his affairs without excessive control by his creditors. When coupled with the "cause" requirement of § 1307(c) for conversion or dismissal, such relief is available on the proffered basis only when a debtor's latitude in conducting his affairs is unreasonably prejudicial to his creditors. In the case under consideration, the movants have failed to establish that the latitude accorded the debtor is unreasonably prejudicial.

Since we conclude that the movants have failed to prove "cause" for conversion or dismissal, we will accordingly enter an order denying the motion for such relief.

---

**1.** This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.